```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VICTOR QUILES,                                                 :
                        Petitioner,                            :
                                                               :    MEMORANDUM DECISION
v.                                                             :
                                                               :    12 CV 8345 (VB)
PAUL CHAPPIUS, JR.,                                            :
                        Respondent.                            :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated May 30, 2014 (Doc. #27), on Victor Quiles's pro se petition for a writ of habeas corpus. Petitioner challenges his convictions in Westchester County Court for burglary, petit larceny, and possession of stolen property, arguing among other things that the prosecutor improperly made race-based peremptory challenges in violation of the Equal Protection Clause. See Batson v. Kentucky, 476 U.S. 79 (1986).

Judge Davison recommended that the Court deny the petition in its entirety.

Petitioner filed five timely objections to the R&R. (Doc. #30).

For the following reasons, the Court adopts the R&R in its entirety, and the petition is DENIED.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case and sets forth only those facts necessary to resolve petitioner's objections.

Petitioner was represented by counsel at trial. As set forth in the R&R, "[d]efense counsel made several Batson objections to peremptory challenges made by the prosecutor and alleged that the prosecutor struck jurors based on their race or skin tone." (R&R at 3).

1

During voir dire, the prosecutor exercised four peremptory challenges to the first twelve potential jurors. Defense counsel promptly objected, arguing the prosecutor "struck every recognizable minority," including two Hispanic jurors and another juror who was "black or dark skinned." (Tr. at 185). The prosecutor responded she struck only one Hispanic juror (Mr. Cabrera), but had declined to strike another (Ms. Chase). (Id. at 186). After hearing from both parties, the court overruled defense counsel's objection. (Id. at 187).

Turning to the next eight members of the venire, the prosecutor exercised three more peremptory strikes, including one against an African-American woman (Ms. Sinclair). (Id.). Defense counsel did not object. (Id.). The court then excused the challenged venirepersons and the remaining seven jurors were sworn. At that point, defense counsel objected to the prosecutor's peremptory challenge to Ms. Sinclair. (Id. at 194). The court admonished counsel that his objection was untimely, but stated in any event that it did not "see any pattern with regard to the perempt[ory] challenge[s] exercised by the People." (Id. at 195).

The following morning, the prosecutor exercised a peremptory challenge against an African-American woman, Ms. Young. Defense counsel did not object. (Id. at 307). Shortly thereafter, however, defense counsel "renew[ed]" his "past" Batson challenge, relying in part on the strike of Ms. Young. (Id. at 308). The trial court noted defense counsel failed to raise a timely objection, to which defense counsel responded: "the People have continued their policy of striking every single dark person as they come up, and I object. . . . [T]his is the third dark skinned person that the People have stricken." (Id. at 308-09). The court then summoned all counsel into chambers for an off-the-record conference. (Id. at 309).

When on-the-record proceedings resumed, the court entertained defense counsel's Batson challenge, as well as a "reverse" Batson challenge brought by the prosecutor.[1] (Id. at 310). After hearing from all counsel, the court found petitioner had "failed to establish a prima facie case of discrimination," because he had alleged "only that two potentially African American . . . prospective jurors, and one other person who was dark skinned," and "of unknown ancestry, were stricken by the People." (Id. at 316). The court noted defense counsel had not "limited his challenge to any particular group or cognizable group," but had instead "indicate[d] his concern [wa]s as to the elimination of all minority groups." (Id.). Even assuming arguendo defense counsel's application was limited to African-Americans and Hispanics, however, the court held counsel had failed to establish a prima facie case of discrimination because he had cited no other "relevant circumstances which support the finding that the use of these peremptory challenges excludes potential jurors because of their race." (Id. at 317). Finally, assuming arguendo that defense counsel had made out a prima facie case of discrimination as to Ms. Young, the court found "the reason proffered" by the People for striking this potential juror to be "facially neutral," and that counsel offered no evidence to suggest this race-neutral reason was pretextual.[2] (Id.).

Shortly thereafter, the prosecution attempted to strike an African-American alternate juror, Ms. Morant, for cause. Because Ms. Morant held a bachelors degree in psychology, the prosecutor argued she might impermissibly speculate as to petitioner's motivations, rather than limit her consideration to the elements of the charged crimes. (Id. at 321). The court rejected the

---

[1]    A reverse Batson challenge occurs when the prosecution accuses defense counsel of exercising racially motivated peremptory challenges. See United States v. Thompson, 528 F.3d 110, 115 (2d Cir. 2008).

[2]    The court also rejected the prosecution's reverse Batson challenge. (Tr. at 318-19).

for-cause challenge, finding Ms. Morant was "unequivocal at all times with her ability to accept and follow the definitions of the elements of the charged crimes." (Id.).  The prosecutor then exercised a peremptory challenge against Ms. Morant, arguing she had expressed "reservation when asked about whether or not she could disregard her psychology background." (Id. at 323). Defense counsel immediately objected, arguing that, if anything, Ms. Morant's background suggested she might prove sympathetic to the prosecution.  (Id. at 322).  After considering the arguments of all counsel, the trial court overruled defense counsel's objection.

Petitioner proceeded to trial, at which he was convicted on one count of burglary in the second degree, one count of petit larceny, and one count of criminal possession of property in the fifth degree, but acquitted on a separate count of criminal possession.  In light of his prior convictions, petitioner was sentenced as a persistent violent felony offender under New York law.  See N.Y. Penal L. § 70.08(1)(a).

On appeal, the Appellate Division found the trial court had properly ruled on all of petitioner's Batson challenges with the exception of the challenge to Ms. Morant.  People v. Quiles, 74 A.D.3d 1241, 1242-44 (2d Dep't 2010).  In that regard, the Appellate Division held, the trial court had made no finding as to whether the "facially neutral" reasons offered by the prosecutor for striking Ms. Morant were "pretextual and not the genuine reasons for the challenge." Id. at 1244.  Petitioner's appeal was held in abeyance, and the case remitted to the trial court.  Id.

Following a hearing, the trial court issued a written decision, crediting the prosecutor's facially race-neutral explanation for the strike of Ms. Morant and noting that, "unlike others, Ms. Morant had specifically stated that her degree in psychology would probably affect her deliberations." (R&R at 7).  The court further "found genuine the prosecution's desire to

4

minimize the risk that a juror would sympathize with the defendant's social and economic situations." (Id.).

Petitioner appealed and the Appellate Division affirmed. People v. Quiles, 84 A.D.3d 1415 (2d Dep't 2011). The Court of Appeals denied leave to appeal, People v. Quiles, 18 N.Y.3d 961 (2012) (mem.),[3] and the United States Supreme Court denied certiorari. Quiles v. New York, 133 S. Ct. 449 (2012) (mem.).

Petitioner then commenced this habeas action. The Court referred the petition to Judge Davison, who issued the instant R&R on May 30, 2014. Judge Davison recommended that the petition be denied in its entirety.

## DISCUSSION

I.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections

---

[3]    As set forth in the R&R, appellate counsel's letter application to the Court of Appeals "specifically identified and discussed only the claims involving the predicate felony offender adjudication and the Batson challenges." (R&R at 17).

have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show that in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established Federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d)(1)-(2).  The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

II.     Petitioner's Objections

Petitioner filed five timely objections to the R&R, arguing, in substance: (i) the R&R improperly concludes that the prosecutor's race-neutral reasons for striking Ms. Morant were not pretextual, (ii) the R&R does not address petitioner's other Batson challenges, (iii) the R&R improperly deemed unreviewable petitioner's challenge to his sentence enhancement, (iv) petitioner should be given a chance to exhaust his unexhausted claims, and (v) a certificate of appealability should issue if the petition is ultimately denied.  (Doc. #30).

  A. <u>Batson Challenges</u>

   1. <u>Morant</u>

In analyzing petitioner's <u>Batson</u> claim with respect to Ms. Morant, Judge Davison explained that "the trial court's determination of the reason for a prosecutor's peremptory challenge constitutes a finding of fact," which is "presumed correct" on habeas review unless "petitioner rebuts the presumption by clear and convincing evidence." (R&R at 20). Finding that petitioner had failed to rebut the presumption of correctness with evidence of any kind, Judge Davison concluded petitioner had failed to establish a <u>Batson</u> violation. (<u>Id</u>.).

Having reviewed the record <u>de novo</u>, the Court agrees petitioner has not offered any evidence suggesting the Morant strike was pretextual. <u>See</u>, <u>e.g.</u>, <u>DeVorce v. Philips</u>, 2013 WL 4406008, at *15 (S.D.N.Y. Aug. 7, 2013) (habeas petitioner failed to establish <u>Batson</u> violation when prosecutor justified peremptory challenge with "the same race-neutral explanation" offered in support of earlier for-cause challenge, and defendant "provided little argument for why those reasons might be pretextual").

Accordingly, this objection is denied.

   2. <u>Other Potential Jurors</u>

The Court agrees with petitioner, however, that the R&R does not discuss the remaining <u>Batson</u> challenges. This objection is reviewed <u>de novo</u>.

As noted in the R&R, "[a] trial court's determination of the reason for a prosecutor's peremptory challenge constitutes a finding of fact." (R&R at 20). Such findings of fact are "presumed to be correct," and can only be rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Failure to offer a timely objection in the trial court precludes habeas review of a <u>Batson</u> challenge. <u>See</u> <u>Garraway v. Phillips</u>, 591 F.3d 72, 76 (2d Cir. 2010).

7

Here, counsel objected to the strike of Ms. Sinclair only after she had been excused, and conceded his objection was untimely. Accordingly, this claim is not preserved for habeas review. See id. at 75-76.

Similarly unpreserved is the objection to the strike of Ms. Young. (Tr. at 308). Even if it were properly before the Court, however, this objection would still fail because the prosecutor offered a facially race-neutral justification for striking Ms. Young—namely, that her work as a substance-abuse counselor might bias her toward petitioner, who had a history of drug abuse.

As to the remaining strike, the record does not reflect the race of the challenged potential juror. Defense counsel argued this potential juror was "either black or south Asian" (Tr. at 186), but the court noted for the record he "was not an African American." (Id. at 195).

More fundamentally, however, the court saw no pattern of discrimination in the peremptory challenges exercised by the prosecutor, and the record supports this finding.

During oral argument on petitioner's Batson challenges, the prosecutor reviewed each of her peremptory strikes, noting she had stricken two women—one black, and one white—and four men—"one of whom was Hispanic, one of whom was white," one whom the prosecutor believed was "Asian," and one whom she believed was "middle eastern." (Id. at 312-13).

To be sure, "[t]he proper focus of a Batson inquiry . . . is not whether the defendant or excluded juror is part of a cognizable group, but rather whether a peremptory challenge was based on race." Sanchez v. Roden, 753 F.3d 279, 292 (1st Cir. 2014) (internal quotation marks omitted). Here, however, the record reflects no discernable pattern of strikes against members of any race, and petitioner offers no evidence to suggest such a pattern. In the absence of such evidence, the Court defers, as it must, to the trial court's factual finding that petitioner did not establish a prima facie Batson violation, and its determination that the prosecutor's facially race-

8

neutral justifications for the peremptory strikes were genuine.  See, e.g., DeVorce v. Philips, 2013 WL 4406008, at *15 ("[E]ven if [r]easonable minds reviewing the record might disagree about the prosecutor's credibility, a habeas court should not supersede the trial court's credibility determination." (internal quotation marks omitted)).

Accordingly, this objection is denied.

B.     Sentence Enhancement

Petitioner argues the R&R improperly upheld his sentence enhancement as a persistent violent felony offender under New York law.  See N.Y. Penal Law § 70.08(1)(a).  On direct appeal, the Appellate Division considered and rejected this argument.  See People v. Quiles, 84 A.D.3d 1415, 1416 (2d Dep't 2011).  Petitioner's claim thus represents a challenge to the state court's application of state law, and is not cognizable on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); accord White v. Keane 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.").

Accordingly, petitioner's third objection is denied.

C.     Remaining Objections

Petitioner's remaining objections merely reiterate arguments made before Judge Davison, and are therefore reviewed for clear error.  Having carefully reviewed the R&R, the Court finds no error, clear or otherwise.  The Court therefore adopts the R&R in its entirety for the reasons stated therein.[4]

---

[4]     Even under a de novo standard, petitioner's remaining objections would fail for substantially the reasons set forth in the R&R.

## CONCLUSION

The Court adopts the R&R in its entirety.

The petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  September 17, 2014
         White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge